# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| **DAN WILLIAMS,** | ) |
| | ) |
| **Plaintiff,** | ) |
| v. | ) No.: 17-cv-2174-JBM |
| | ) |
| **VICTOR CALLOWAY,** *et al.,* | ) |
| | ) |
| **Defendants.** | ) |

## MERIT REVIEW ORDER

Plaintiff, proceeding pro se, asserts an action under 42 U.S.C. § 1983 alleging deliberate indifference to his serious medical need at the Danville Correctional Center ("Danville"). The case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A. In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour,* 729 F.3d 645, 649-51 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States,* 721 F.3d 418, 422 (7th Cir. 2013)(citation and internal quotation marks omitted). While the pleading standard does not require "detailed factual allegations", it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Wilson v. Ryker*, 451 Fed. Appx. 588, 589 (7th Cir. 2011) quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

Plaintiff alleges that on January 30, 2017, he was in the gym when another inmate dropped a weight on his head. Plaintiff claims that he felt dizzy and that his left hand, "locked up" and would not move. Plaintiff was taken to the healthcare unit where he was given ibuprofen for pain. Plaintiff went to the healthcare unit on five dates in February 2017 and one date each in March, April and May, complaining of headaches and the inability to use his left hand.

1

After "several weeks of complaining," Plaintiff was sent to an outside hospital. There it was determined that he had swelling of the brain, which had allegedly caused "nerve damage to the left side of his body". Plaintiff thereafter underwent outside physical therapy for an undisclosed period. He claims that, despite the therapist's recommendations, he was not referred to a neurologist and did not receive physical therapy back at Danville.

Plaintiff alleges that Defendants, Dr. Young and Nursing Director Wilson refused to send him for an outside neurology consultation. He alleges that, though he was scheduled to receive follow-up therapy, Defendant Nurses Rena, Keri and Tatman refused to provide it, claiming that he could do the exercises in his cell.

It is well established that deliberate indifference to the serious medical needs of prisoners violates the Eighth Amendment. *Snipes v DeTella*, 95 F3d 586, 590 (7th Cir 1996), citing *Estelle v. Gamble*, 429 U.S. at 104, 97 S.Ct. 285 (1976). A claim does not rise to the level of an Eighth Amendment issue, however, unless the punishment is "deliberate or otherwise reckless in the criminal law sense, which means that the defendant must have committed an act so dangerous that his knowledge of the risk can be inferred or that the defendant actually knew of an impending harm easily preventable." *Antonelli v. Sheahan,* 81 F.3d 1422, 1427 (7th Cir.1996).

As noted, Plaintiff claims that Defendants Young and Wilson refused to refer him to a neurologist, as recommended by his physical therapist. It is unclear whether a physician's or nursing director's failure to follow the recommendation of a physical therapist will sustain a claim of deliberate indifference. However, as the Court must review the allegations in the light most favorable to the Plaintiff, it will allow this claim to proceed. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011); *Bell Atlantic Corp. v. Twombly* 550 U.S. 544, 584 (2007). It will also allow the deliberate indifference claim to proceed against Nurses Rena, Keri and Tatman for allegedly refusing to provide the prescribed physical therapy.

2

Plaintiff alleges against Warden Calloway that he filed an emergency grievance with the Warden who failed to take any action. Section 1983, however, limits liability to public employees "for their own misdeeds, and not for anyone else's." *Burks v. Raemisch,* 555 F.3d 592, 595–96 (7th Cir.2009). Prison administrators are entitled to relegate to others the primary responsibility for specific prison functions without becoming vicariously liable for the failings of their subordinates. *Id.* Likewise, those who review administrative decisions of others, are not liable either. *Id.;* *579 *George v. Smith,* 507 F.3d 605, 609–10 (7th Cir.2007) ("Ruling against a prisoner on an administrative complaint does not cause or contribute to the [constitutional] violation."); *Johnson v. Snyder,* 444 F.3d 579, 584 (7th Cir.2006). Plaintiff fails to state a claim against Warden Calloway and he is DISMISSED. This case shall proceed on the deliberate indifference claims against Defendants Dr. Young; Nursing Director Wilson; and Nurses Rena, Keri and Tatman.

Plaintiff makes an additional claim of negligence or malpractice under Illinois state law. This claim is DISMISSED, however, for failure to provide a Certificate of Merit as required under 735 ILCS 5/2-622(a). "Section 2-622 provides, in part: [where] "plaintiff seeks damages for injuries or death by reason of medical malpractice, hospital, or other healing art malpractice ... [the plaintiff] shall file an affidavit' from a medical professional indicating that the case has merit. 735 ILCS 5/2-622. Failure to file an affidavit pursuant to § 2-622 is cause for dismissal under 735 ILCS 5/2-619 pursuant to 735 ILCS 5/2-622". *Chapman v. Chandra*, No. 06-0651, 2007 WL 1655799, at *2 (S.D. Ill. June 5, 2007). "The United States Court of Appeals for the Seventh Circuit has implicitly held that § 2-622 is a substantive law that should apply to medical malpractice claims brought in federal courts." *Id.* at *3. Plaintiff will have leave, however, to replead this claim within 90 days, attaching a certificate of merit.

3

**IT IS THEREFORE ORDERED:**

1. This case shall proceed solely on the deliberate indifference claims against Defendants Young, Wilson, Rena, Keri and Tatman, identified herein. Any claims not identified will not be included in the case, except in the Court's discretion upon motion by a party for good cause shown, or by leave of court pursuant to Federal Rule of Civil Procedure 15. Defendant Calloway is DISMISSED.

2. If plaintiff wishes to pursue his state law negligence claim, he must file an amended complaint and provide the required Certificate of Merit within ninety (90) days. The amended complaint will replace the original complaint in its entirety and, therefore, it should contain all claims against all defendants.

3. Plaintiff files [6], a motion for recruitment of pro bono counsel but does not indicate that he attempted to secure counsel on his own. *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007). [6] is DENIED at this time. In the event that Plaintiff renews his motion for appointment of counsel, he is to provide copies of the letters sent to, and received from, prospective counsel.

4. Plaintiff files [8] requesting injunctive relief compelling Defendants to send him to a neurologist. The Seventh Circuit has repeatedly stated that a preliminary injunction is an exercise of a very far-reaching power, never to be indulged in except in a case clearly demanding it. *Girl Scouts of Manitou Council, Inc. v. Girl Scouts of U.S.A., Inc.*, 549 F.3d 1079, 1085 (7th Cir. 2008). A party seeking the injunction has the burden to prove that he will suffer irreparable harm during the time prior to final resolution of his claims, the inadequacy of legal remedies available, and some likelihood of success on the merits. *Ty, Inc. v. Jones Group, Inc.*, 237 F.3d 891, 895 (7th Cir. 2001). At this point Plaintiff cannot not establish some likelihood of success

on the merits where a therapist believed he should be referred out and a physician did not. Furthermore, Plaintiff has an adequate legal remedy through the instant lawsuit. [8] is DENIED.

5. Plaintiff's Motions for Status [10] and [11] are rendered MOOT by entry of this Order.

6. The Clerk is directed to send to each Defendant pursuant to this District's internal procedures: 1) a Notice of Lawsuit and Request for Waiver of Service; 2) a Waiver of Service; 3) a copy of the Complaint; and 4) a copy of this Order.

7. If a Defendant fails to sign and return a Waiver of Service to the Clerk within 30 days after the Waiver is sent, the Court will take appropriate steps to effect formal service on that Defendant and will require that Defendant pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2). If a Defendant no longer works at the address provided by Plaintiff, the entity for which Defendant worked at the time identified in the Complaint shall provide to the Clerk Defendant's current work address, or, if not known, Defendant's forwarding address. This information will be used only for purposes of effecting service. Documentation of forwarding addresses will be maintained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

8. Defendants shall file an answer within the prescribed by Local Rule. A Motion to Dismiss is not an answer. The answer is to include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings are to address the issues and claims identified in this Order.

9. Plaintiff shall serve upon any Defendant who has been served, but who is not represented by counsel, a copy of every filing submitted by Plaintiff for consideration by the Court, and shall also file a certificate of service stating the date on which the copy was mailed.

Any paper received by a District Judge or Magistrate Judge that has not been filed with the Clerk or that fails to include a required certificate of service will be stricken by the Court.

10. Once counsel has appeared for a Defendant, Plaintiff need not send copies of filings to that Defendant or to that Defendant's counsel. Instead, the Clerk will file Plaintiff's document electronically and send notice of electronic filing to defense counsel. The notice of electronic filing shall constitute notice to Defendant pursuant to Local Rule 5.3. If electronic service on Defendants is not available, Plaintiff will be notified and instructed accordingly.

11. Counsel for Defendants is hereby granted leave to depose Plaintiff at Plaintiff's place of confinement. Counsel for Defendants shall arrange the time for the depositions.

12. Plaintiff shall immediately notice the Court of any change in mailing address or phone number. The Clerk is directed to set an internal court deadline 60 days from the entry of this Order for the Court to check on the status of service and enter scheduling deadlines.

**IT IS FURTHER ORDERED THAT THE CLERK IS DIRECTED TO**:

1) ATTEMPT SERVICE ON DEFENDANTS PURSUANT TO THE STANDARD PROCEDURES; AND,

2) SET AN INTERNAL COURT DEADLINE 60 DAYS FROM THE ENTRY OF THIS ORDER FOR THE COURT TO CHECK ON THE STATUS OF SERVICE AND ENTER SCHEDULING DEADLINES.

LASTLY, IT IS ORDERED THAT IF A DEFENDANT FAILS TO SIGN AND RETURN A WAIVER OF SERVICE TO THE CLERK WITHIN 30 DAYS AFTER THE WAIVER IS SENT, THE COURT WILL TAKE APPROPRIATE STEPS TO EFFECT FORMAL SERVICE THROUGH THE U.S. MARSHAL'S SERVICE ON THAT DEFENDANT AND WILL REQUIRE THAT DEFENDANT TO PAY THE FULL COSTS OF FORMAL SERVICE PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 4(d)(2).

ENTERED: 12/19/2017

       s/ Joe Billy McDade
JOE BILLY McDADE
UNITED STATES DISTRICT JUDGE